IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LOUIS E. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : |
| | :  CASE NO. 3:09-CV-122 (CDL) |
| MAIN STREET BANKING INSTITUTION, *et al.*, | : |
| Defendants. | : |

## ORDER AND
## REPORT AND RECOMMENDATION

Presently pending before the court is Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 4). Plaintiff has attached to his motion an affidavit which attests to his *in forma pauperis* status. Having reviewed his application, it appears that Plaintiff is unable to pay the filing fee required to commence this action. Plaintiff's motion to proceed *in forma pauperis* is therefore granted.

Plaintiff asserts claims for "counterfeit and fraudulent charges and conspiracy," claiming that Defendant Main Street Banking Institution "swindled, [him] out, of, approximately $18,000." (Doc. 1 at 4). According to documents attached to the Complaint, Plaintiff explains that

> bank officials wanted me to take my cash money out of the safe deposit boxes and put the money ($18,000, eighteen thousand dollars or thereabout), in a bank account, so, I can spend some of it, but, once, I signed the papers and counted some of the money, the tellers or cashiers and a plum[p] white man,

>took the money and counted $18,000 (eighteen-thousand dollars) or thereabout. . . . Instead, of openning [sic] me an account, the plump-white man took the money and marched out of the doors of the Main Street Bank (BBNT) and I have never seen nor heard from the bank nor the plump white man nor my money. The Main Street Bank officials will not communicate with me, about the money nor a bank account.

(Doc. 1-3 at 2). Plaintiff names as Defendants the bank itself; the bank's president ("Mr. President"); and Sagar Patel and Lauren Fleming, managers and mortgage officials at the bank's branches. (Doc. 1 at 4-5).

"Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Congress has permitted the federal courts to exercise jurisdiction over diversity actions and cases raising a federal question. 28 U.S.C. §§ 1331, 1332. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (per curiam) (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The plaintiff bears "the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" *Beavers*, 265 F. App'x at 777 (quoting *Taylor*, 30 F.3d at 1367) .

It is not apparent from the face of the Complaint that Plaintiff asserts any claims

raising a federal question; rather, in his "jurisdictional statement," Plaintiff alleges that "[t]his case comes to your, honorable court, by, way, of, the, jurisdiction amount of $10,000 or more, in, order, to, get, into, Federal Court." (Doc. 1 at 3). Plaintiff thus appears to assert that the district court has jurisdiction to entertain his claims pursuant to diversity jurisdiction under 28 U.S.C. § 1332.

While it is true that the $10,000.00 used to be the amount in controversy required for purposes of diversity jurisdiction,[1] federal law now provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a). In addition to alleging facts demonstrating the requisite amount in controversy, a plaintiff asserting diversity jurisdiction must also allege that complete diversity of citizenship exists; for example, a plaintiff may demonstrate that the lawsuit is between "citizens of different States." *Id.* § 1332(a)(1).

In this case, Plaintiff's jurisdictional statement alleges only that the amount in controversy exceeds $10,000.00. (*See* Doc. 1 at 3). In addition to the $18,000.00 Plaintiff alleges is at issue, he also seeks ten million dollars in damages. (*Id.* at 7). Even assuming these allegations establish an amount in controversy exceeding the $75,000.00 jurisdictional

---

[1] 28 U.S.C. § 1332 was amended in 1988 to raise the amount in controversy requirement from $10,000 to $50,000; the statute was again amended in 1996 to raise the amount in controversy requirement from $50,000 to $75,000. *See* Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 205, 110 Stat. 3847 (1996); Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 201, 102 Stat. 4642 (1988).

threshold, Plaintiff's Complaint is devoid of any facts regarding the citizenship of any of the parties. Thus, Plaintiff has not met his burden of establishing that the court has subject matter jurisdiction over his claims. *See, e.g., Beavers*, 265 F. App'x at 778 (holding that plaintiffs' complaint was properly dismissed for lack of subject matter jurisdiction when complaint failed to allege the citizenship of the individual plaintiffs); *Taylor*, 30 F.3d at 1367 (holding that plaintiff's complaint was properly dismissed for lack of subject matter jurisdiction because it failed to allege citizenship of the natural defendants or the principal place of business for the corporate defendants). Plaintiff's Complaint is therefore subject to dismissal.

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be DISMISSED in its entirety without prejudice for lack of subject matter jurisdiction. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 23rd day of November, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mkw